UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | Case No.: 3:18 CR 111 |
| | : | |
| **Plaintiff,** | : | **UNITED STATES' SENTENCING** |
| | : | **MEMORANDUM** |
| vs. | : | |
| | : | |
| **DARYL IAN EVANS,** | : | |
| | : | |
| **Defendant.** | : | |

Now comes the United States, by and through the undersigned Assistant United States Attorney, and respectfully provides the following sentencing memorandum.

Respectfully submitted,

BENJAMIN C. GLASSMAN
UNITED STATES ATTORNEY

s/ Andrew J. Hunt
Andrew J. Hunt (0073698)
Assistant United States Attorney
200 West Second Street, Suite 600
Dayton, OH 45402
(937) 225-2910
Fax: (937) 225-2564
Andrew.Hunt@usdoj.gov

1

**MEMORANDUM**

On or about January 15, 2018, Defendant Daryl Ian Evans ("Evans") was found in possession of four firearms after having been previously convicted of a felony offense. (R. 25, *Plea Agreement*, PAGEID# 66).  On February 19, 2019, Watson entered a guilty plea to Count One of the Indictment, namely "Possession of a firearm after having been previously convicted of a felony offense," in violation of 18 U.S.C. § 922(g)(1). The statutory penalties include a term of up to 10 years in prison.  The parties agreed that Watson should be sentenced to a term of imprisonment not to exceed 84 months, per Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. (*Id.*, PAGEID# 63).

In crafting a sentence pursuant to 18 U.S.C. § 3553(a), the Court takes into account: 1) the nature and circumstances of the offense, and history and characteristics of the defendant, 2) the need to reflect the seriousness of the offense, to promote respect for the law, and provide just punishment for the offense, 3) the need to adequately deter criminal behavior, 4) the need to protect the public from future crimes of defendant, 5) providing rehabilitative services to defendant, 6) the kinds of sentences available, 7) the kinds of sentence and sentencing range established by the Sentencing Guidelines for the offense (and any pertinent policy statements), 8) restitution needs, and 9) the need to avoid unwarranted disparities among similarly situated defendants.  The Court may place greater weight on certain factors as opposed to others. *United States v. Zobel*, 696 F.3d 558, 571 (6th Cir. 2012).

The United States respectfully requests that the Court adopt the Rule 11(c)(1)(C) plea agreement between the parties.  Moreover, the United States recommends a sentence of 84 months.  Evans has convictions for domestic violence (twice), a felony drug offense, assaulting a

corrections officer, and numerous misdemeanor offenses (many of which did not score for criminal history purposes). (*Presentence Report (PSR)* ¶¶ 36, 42, 43, 52, 58). He was under court supervision when he committed this offense and engaged in drug trafficking. (*PSR* ¶ 52; R. 25, *Plea Agreement*, PageID# 66). Evans has served multiple prison sentences, and has been placed on probation 17 times.[1] (*PSR* ¶¶ 33, 35-37, 39-44, 46-50, 52-54). Evans (who just turned 36 years old) has 23 prior convictions as an adult. (*Id*. at ¶¶ 33-55). Despite these prior sanctions, he has not been deterred from continued criminal conduct.

     A guideline sentence – namely, 84 months – would tend to treat Evans like other similarly situated offenders.[2] In fiscal year 2017, firearm offenders nationwide received a downward variance/departure (not sponsored by the government) in just roughly 25% of cases.[3] Evans' criminal history and conduct here indicate that his case should not be among that 25%.

---

1 On more than one occasion, Evans apparently committed new offenses while under probation supervision, but was nonetheless terminated without any sanction imposed. (*See PSR* ¶¶ 47-50, 52, 53).
2 18 U.S.C. § 3553(a)(6) is concerned with national sentencing disparities, and the Sentencing Guidelines are "good evidence of the national standard." *United States v. Simmons*, 501 F.3d 620, 623, 627 (6th Cir. 2007).
3 *United States Sentencing Commisson's 2017 Sourcebook of Federal Sentencing Statistics*, Table 27, Sentences Relative to the Guideline Range by each Primary Offense Category Fiscal Year 2017; www.ussc.gov/sites/default/files/pdf/research-and-publications/annual-reports-and-sourcebooks/2017/Table27.pdf.

## **CONCLUSION**

The United States believes a 84 month prison sentence would be sufficient, but not more than necessary to address the 18 U.S.C. § 3553(a) factors.

Respectfully submitted,

BENJAMIN C. GLASSMAN
UNITED STATES ATTORNEY

s/ Andrew J. Hunt
Andrew J. Hunt (0073698)
Assistant United States Attorney
200 West Second Street, Suite 600
Dayton, OH 45402
(937) 225-2910
Andrew.Hunt@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was served May 9, 2019, upon Mr. Karl Kordalis, Esq., via CM/ECF electronic filing.

s/ Andrew J. Hunt
Andrew J. Hunt (0073698)
Assistant United States Attorney